IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTE JOZINOVICH,

               Plaintiff,

    v.

JP MORGAN CHASE BANK, N.A.;
CALIFORNIA RECONVEYANCE
COMPANY; AND DOES 1-100,

               Defendants.

NO. C09-03326 TEH

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

This matter came before the Court on January 11, 2010 on the motion to dismiss of Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance Company ("CRC") (collectively, "Defendants"). For the reasons set forth below, Defendants' motion is GRANTED, and the Complaint is DISMISSED.

**FACTUAL BACKGROUND**

Plaintiff Ante Jozinovich ("Plaintiff") alleges[1] that he resides in and owns a house at 3809 Colegrove Street in San Mateo, California ("the property" or "the house"), to which he

---

[1] "On a motion to dismiss, we take the complaint's allegations of fact as true and construe the complaint in the light most favorable to the plaintiff." *Shanks v. Dressel*, 540 F.3d 1082, 1084 n.1 (9th Cir. 2008). Defendants request that the Court also take notice of ten documents recorded in the San Mateo County Recorder's Office, which are attached to Defendants' Request for Judicial Notice Re Motion to Dismiss ("RJN") (Dkt. No. 11). Rule of Evidence 201 allows the Court to "take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The ten documents described above are properly subject to judicial notice, *see Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005), and may be considered on a motion to dismiss, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The facts recounted here are therefore drawn both from the Complaint and from the judicially noticed documents.

obtained title in 2004.[2] He refinanced a preexisting mortgage in 2006.[3] He executed two promissory notes to obtain loans from lender Metrocities Mortgage, LLC dba No Red Tape Mortgage ("Metrocities"): one for $650,000 ("first loan"), secured by a deed of trust ("DOT") on the property, and a second for $88,000 ("second loan"), secured by a deed of trust and assignment of rents. Both deeds of trust listed Fidelity National Loan Portfolio Solutions, Inc. ("Fidelity") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and as nominee for Metrocities and its successors and assigns.

On December 26, 2008, JPMorgan,[4] as successor in interest to MERS, assigned all beneficial interests under the DOT to LaSalle Bank N.A., as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR06 Trust ("LaSalle"). CRC was substituted for Fidelity as trustee on the same date. The DOT was assigned for a second time on June 10, 2009, to Bank of America, N.A. as successor by merger to LaSalle ("Bank of America"). Each assignment and substitution was recorded in the San Mateo County Recorder's Office.[5]

In the meantime, Plaintiff defaulted on the first loan. A Notice of Default recorded on December 29, 2008 listed $16,583.87 in arrears as of December 26. Plaintiff sent a

---

[2] Plaintiff's Complaint was filed in state court on June 1, 2009. According to the Trustee's Deed Upon Sale attached as Exhibit 10 to the RJN, the property was sold by trustee's sale only four days after the Complaint was filed, on June 5, 2009. Counsel for both parties clarified during oral argument that Plaintiff has continued to reside in the house even after the trustee's sale.

[3] Although the Complaint alleges that the promissory note for the first loan was executed on April 1, 2007, this date conflicts with the dates listed elsewhere in the Complaint and in the judicially noticed documents, which indicate that Plaintiff refinanced in 2006.

[4] Washington Mutual failed in September 2008, at which time the bulk of its assets were transferred to JPMorgan. Pursuant to its agreement with the Federal Deposit Insurance Corporation, which acted as receiver for Washington Mutual, JPMorgan did not assume any liability with respect to claims arising out of Washington Mutual's lending or loan purchase activities. As a result, JPMorgan argues that Plaintiff cannot maintain any claims against it arising out of the origination of his loans. Since Plaintiff's claims are properly disposed for other reasons, the Court need not and does not assess the merits of this argument.

[5] The assignment to LaSalle was recorded on December 28, 2008; the substitution of trustee was recorded on February 18, 2009; and the assignment to Bank of America was recorded on June 16, 2009.

rescission letter on February 23, 2009, pursuant to the Truth in Lending Act, which Plaintiff claims should have extinguished the promissory note he executed for the first loan. A Notice of Trustee's Sale was recorded on April 16, 2009, and on June 5, the property was sold at public auction to Bank of America. A Trustee's Deed Upon Sale was recorded on June 16.

Plaintiff filed this action in San Mateo County Superior Court on June 1, 2009, asserting twelve causes of action against JPMorgan, which services the loan, and CMC, the trustee. Defendants removed to federal court on July 21, 2009. Plaintiff insists that "Defendants have no right to proceed with non-judicial trustee's sale" because he exercised his right to rescind. Complaint ¶ 19. MERS, he claims, "was never the true owner of the note, and the naming of MERS as beneficiary was a fraudulent recordation intended to subvert the California laws regarding recordation of transfers of interest in real property." *Id.* ¶ *13.* He further asserts that JPMorgan "is not and was not the holder of the note," and therefore cannot "initiate foreclosure under the security instrument." *Id.* ¶¶ 20-21. Defendants moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

During oral argument on Defendants' motion, Plaintiff's counsel withdrew seven of the twelve causes of action, (2) for an accounting, (6) for declaratory relief, (7) for conspiracy, (8) for intentional infliction of emotional distress, (9) for negligent infliction of emotional distress, (11) for injunctive relief, and (12) for specific performance under California's loan modification statute.[6] The Court therefore DISMISSES these seven claims WITH PREJUDICE. The five remaining causes of action are (1) to quiet title, (3) for violation of the Truth in Lending Act, (4) for violation of California's unfair competition law, (5) for unfair debt collection practices contrary to federal and state statutes, and (10) for rescission. The Court considers these in turn.

---

[6] The numbers correspond to the enumeration of Plaintiff's causes of action in his Complaint.

3

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949-50 (2009).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

//
//
//

4

# DISCUSSION

## I. First Cause of Action: To Quiet Title

Plaintiff's first claim is to quiet title. The purpose of a quiet title action "is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284 (1970) (quoting *Peterson v. Gibbs*, 147 Cal. 1, 5 (1905)). Quiet title claims are governed by California Code of Civil Procedure section 761.020, which requires that five elements be set out in a "verified complaint": (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title against the adverse claims. Cal. Code Civ. Proc. § 761.020(a)-(e).

Plaintiff fails to meet the preliminary requirement of a verified complaint. Although Plaintiff is correct that the "failure to verify a pleading – even where the verification is required by statute – is a mere defect curable by amendment," *UFW of Am. v. Agric. Labor Relations Bd.*, 37 Cal. 3d 912, 915 (1985), the quiet title claim is also deficient in substance. "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994). "The cloud upon [one's] title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974). Plaintiff never alleges that he can tender the full amount of his debt. He claims only to be "willing and able to tender the face value of the note *minus equitable set off*," Complaint ¶ 73 (emphasis added), and he "asks the court for a determination of damages as an appropriate equitable set off *so that Plaintiff may* tender pursuant to the rescission," *id.* ¶ 1 (emphasis added). He further specifies that the set off "should include damages, exemplary and punitive damages, costs, attorneys fees, and interest." *Id.* ¶ 75. Plaintiff presents no legal authority that would allow such a set off, and never asserts that he could

tender the amount owed absent the set off.[7] Such allegations are insufficient to sustain a claim for quiet title. The first cause of action is DISMISSED WITHOUT PREJUDICE.

**II. Third Cause of Action: Violation of the Truth in Lending Act**

Plaintiff asserts a violation of the Truth in Lending Act, or TILA, in that "defendant failed to disclose in the contract the material terms of the loan prior to consummation of the subject transaction," and Metrocities "voluntarily assigned" the promissory note for the first loan "to defendant Does 1-100" in May 2006. Complaint ¶¶ 39-40. Defendants argue that the claim is time-barred and fails to state a claim against JPMorgan or CMC because neither was the original lender.

TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 560 (1980) (quoting 15 U.S.C. § 1601). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). A loan disclosure violation under TILA triggers two potential remedies for a borrower: damages, 15 U.S.C. § 1640, and rescission, 15 U.S.C. § 1635. Plaintiff seeks damages pursuant to section 1640(a)(2), and also brings an independent cause of action for rescission. Since the claims for damages and rescission raise distinct issues, the Court will consider each of them in turn.

**A. Damages**

Plaintiff's claim for damages is premised on an alleged violation of section 1638, which requires that certain disclosures be made within three days of a consumer's application for credit. 15 U.S.C. § 1638. A damages action under TILA must proceed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). That limitations

---

[7] Only "finance or other charge[s]" can be deducted when tendering the loan balance to effect rescission. 15 U.S.C. § 1635(b).

6

period "runs from the date of consummation of the transaction[.]" *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). A "statute-of-limitations defense may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). Plaintiff alleges that the transaction at issue here was consummated on April 1, 2007,[8] and the Complaint was not filed until June 1, 2009. The statute of limitations has therefore run.

However, Plaintiff insists that the statute of limitations should be equitably tolled. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period [under section 1640(e)] until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. The statute of limitations could be equitably tolled if Plaintiff, "despite all due diligence," were "unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The test is whether "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Id.* "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006). However, a motion to dismiss based on the statute of limitations may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon*, 811 F.2d at 1278.

Plaintiff asserts in opposition to the motion that he was deceived by "his bank" as to "the true terms of the alleged agreement," and that he "did not know the true terms of the loan" before hiring counsel. Pl.'s Opp'n at 11. These allegations do not suffice for equitable tolling, nor are they sufficient to state a claim. Plaintiff fails to allege how the true terms of

---

[8] The April 1, 2007 date contradicts the dates listed elsewhere in the Complaint and in the judicially noticed documents, which indicate that the transaction was in fact consummated in 2006. This conflict does not affect the Court's analysis for the TILA damages claim, as the statute of limitations has run under either date.

7

the loan differ from representations made to him, or why he was unable to discover such discrepancies earlier. To the contrary, Plaintiff alleges that the TILA violations "were apparent on the face of the" loan documents, and that "the disclosure could be determined to be incomplete and inaccurate from the face of the disclosure statement." Complaint ¶ 40. Such facts do not support equitable tolling – they preclude it. Equitable tolling is availble only where a violation could not be reasonably uncovered, not where the violation is apparent on the face of the loan documents. Plaintiff's claim for damages under TILA is therefore DISMISSED WITHOUT PREJUDICE.

### B. Rescission

"TILA's so-called 'buyer's remorse' provision . . . allows a consumer three business days, without penalty, to rescind any credit transaction that uses his principal home as security." *Hefferman v. Bitton*, 882 F.2d 379, 383 (9th Cir. 1989) (citing 15 U.S.C. § 1635). For transactions subject to the rescission provision, the creditor is required to "deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1); *see also* 15 U.S.C. § 1635(a). The right to rescind expires three days after the notice is delivered, or – if the notice is never given – three years after the transaction is consummated. 15 U.S.C. § 1635(a), 1635(f); 12 C.F.R. § 226.23(a)(3).

Plaintiff's counsel argued in hearing that the rescission claim was brought within the three-year statute of limitations, as Plaintiff executed the promissory note for the first loan on April 1, 2007. However, that date conflicts with dates listed elsewhere in the Complaint and in the judicially noticed documents, according to which the promissory note was signed and dated May 10, 2006, when the DOT was executed. *See* Defendants' Request for Judicial Notice Re Motion to Dismiss ("RJN"), Exh. 3 (DOT); *see also* Complaint ¶ 10 (describing DOT as dated May 10, 2006). Under either date, the rescission claim is timely: Plaintiff alleges that he mailed a rescission letter on February 23, 2009, which falls less than three years after both dates.

8

However, the third cause of action fails to put Defendants on notice as to what triggered the right to rescind. Plaintiff alleges a violation of TILA's section 1638 without specifying which "material terms of the loan" went undisclosed. Complaint ¶ 39. Section 1638 lists fifteen required disclosures, many of which are broken into multiple sub-parts, yet the Complaint never states which disclosures were deficient or never made.[9] At hearing, Plaintiff's counsel argued that rescission was rooted in a different provision of TILA, section 1635, in that Plaintiff never received a proper notice of the right to rescind – an allegation that never appears in the Complaint. Plaintiff's third cause of action for rescission under TILA fails to give Defendants fair notice as to the basis for the claim, which is therefore DISMISSED WITHOUT PREJUDICE.

### III. Fourth Cause of Action: Unfair Competition

California's unfair competition law, Cal. Bus. & Prof. Code § 17200, bars "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Plaintiff's fourth cause of action alleges only that "Defendant's advertising, as alleged above, constitutes unfair competition" in violation of the statute. Complaint ¶ 45. However, none of the conduct alleged in the preceding 44 paragraphs has anything to do with advertising, nor does Plaintiff specify how Defendants violated the unfair competition law. Such threadbare allegations are insufficient to put Defendants on notice as to the claim being asserted against them. The unfair competition claim is therefore DISMISSED WITHOUT PREJUDICE.

### IV. Fifth Cause of Action: Unfair Debt Collection Practices

Plaintiff asserts in his fifth cause of action that Defendants violated three statutes: the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et*

---

[9] Plaintiff claims to have served a notice of the section 1638 violation on January 23, 2009, which may state the violation more clearly. Although the Complaint indicates the letter is attached as an exhibit, Complaint ¶ 41, no such exhibit was provided.

9

*seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. Again, however, Plaintiff gives Defendants no notice as to what conduct violated what provisions of each statute.

The FDCPA and the Rosenthal Act prohibit debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. 15 U.S.C. § 1692; Cal. Civ. Code § 1788.1. Both statutes explicitly apply to debt collectors. 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); Cal. Civ. Code § 1788.10 ("No debt collector shall collect or attempt to collect a consumer debt by means of" certain prohibited conduct.); *see also* 15 U.S.C. § 1692a(6) (defining "debt collector"), Cal. Civ. Code § 1788.2(c) (same).

"[T]he activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (followed by *Nera v. Am. Home Mortg. Servicing, Inc.*, No. C09-2025 RMW, 2009 U.S. Dist. LEXIS 68515, at *8-9 (N.D. Cal. Aug. 4, 2009)). The same is true of the Rosenthal Act. *See Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *11 (N.D. Cal. Mar. 12, 2009). However, Plaintiff contends that because he rescinded the transaction as of February 23, 2009, "the foreclosure action conducted by Defendants did not suffice as a legal foreclosure, but rather" constituted "a collection of a personal debt." Pl.'s Opp'n at 9. That argument has no merit. Where the right to rescind is contested, the transaction is not deemed rescinded until "the right to rescind is determined in the borrower's favor." *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003). "[A] borrower's mere assertion of the right of rescission" does not have "the automatic effect of voiding the contract." *Id.* Mailing the rescission notice did not effectuate rescission and transform the foreclosure into a personal debt collection. Even if it did, Plaintiff's FDCPA and Rosenthal Act claims still fail because they are silent as to what abusive, deceptive, or unfair practices Defendants are alleged to have engaged in.

1   RESPA, the third statute listed in Plaintiff's fifth cause of action, is designed to ensure
that consumers "are provided with greater and more timely information on the nature and
costs of the settlement process and are protected from unnecessarily high settlement charges
caused by certain abusive practices[.]" 12 U.S.C. § 2601. However, Plaintiff never alleges
what provisions of RESPA are violated, citing instead to all seventeen of the statute's
sections. His allegations are inadequate to put Defendants on notice as to what claims are
being asserted against them. *See Fimbres v. Chapel Mortg. Corp.*, No. 09-CV-0886-IEG
(POR), 2009 U.S. Dist. LEXIS 109261, at \*30 (S.D. Cal. Nov. 20, 2009).

Plaintiff's fifth cause of action, for violations of the FDCPA, Rosenthal Act, and RESPA, is DISMISSED WITHOUT PREJUDICE.

## V. Tenth Cause of Action: For Rescission

Plaintiff's tenth cause of action is for rescission. Rescission is not an independent cause of action, but rather a remedy. The only basis for rescission raised by Plaintiff is the TILA violation alleged in his third cause of action, which the Court has already dismissed without prejudice. The tenth cause of action for rescission is therefore DISMISSED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED. The seven causes of action that Plaintiff voluntarily withdrew are DISMISSED WITH PREJUDICE, and the five remaining causes of action are DISMISSED WITHOUT PREJUDICE. If Plaintiff seeks to file an amended complaint, he shall do so no later than Thursday, February 4, 2010.

**IT IS SO ORDERED.**

Dated: 1/14/10

/s/ Thelton Henderson

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT